1
2
3
4
5
6
7

8          UNITED STATES DISTRICT COURT

9          SOUTHERN DISTRICT OF CALIFORNIA

10

11  DONALD RAY BLACKSHER, II,                    Case No.:  3:21-cv-0206-MMA-MDD
    CDCR #AV-1847,
12                                               **ORDER DISMISSING CIVIL
                                    Plaintiff,   ACTION PURSUANT TO 28 U.S.C.
13                                               § 1915A(b)(1), DENYING LEAVE TO
    v.                                           PROCEED IN FORMA PAUPERIS,
14                                               AND DENYING MOTION TO
    DONALD J. TRUMP; GAVIN                        APPOINT COUNSEL AS MOOT**
15  NEWSOM; ALL CDCR MENTAL AND
    MEDICAL HEALTH; ALL LAW
16  ENFORCEMENT AGENCIES,                        [Doc. No. 2]
17                                  Defendants.
18

19

20

21        Plaintiff Donald Ray Blacksher, II, a California inmate currently incarcerated at the

22  Richard J. Donovan Correctional Facility ("RJD") located in San Diego, California, and

23  proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983.  *See*

24  Doc. No. 1.  Plaintiff did not pay the filing fee required by 28 U.S.C. § 1914(a) to

25  commence a civil action when he filed his complaint; instead, he has filed a copy of his

26  inmate trust account statement which the Court liberally construes to be a request for

27  leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a).  *See* Doc.

28  No. 3.  In addition, Plaintiff has filed a motion to appoint counsel.  *See* Doc. No. 2.

1    **I.      Sua Sponte Screening Pursuant to 28 U.S.C. § 1915A(b)**

2           The Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, obligates the

3    Court to review complaints filed by anyone "incarcerated or detained in any facility who

4    is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or

5    the terms or conditions of parole, probation, pretrial release, or diversionary program,"

6    "as soon as practicable after docketing" and regardless of whether the prisoner prepays

7    filing fees or moves to proceed IFP.  *See* 28 U.S.C. § 1915A(a), (c).  Pursuant to this

8    provision of the PLRA, the Court is required to review prisoner complaints which "seek[]

9    redress from a governmental entity or officer or employee of a government entity," and to

10   dismiss those, or any portion of those, which are "frivolous, malicious, or fail[] to state a

11   claim upon which relief may be granted," or which "seek monetary relief from a

12   defendant who is immune."  28 U.S.C. § 1915A(b)(1)-(2); *Resnick v. Hayes*, 213 F.3d

13   443, 446-47 (9th Cir. 2000); *Hamilton v. Brown*, 630 F.3d 889, 892 n.3 (9th Cir. 2011).

14   "The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need

15   not bear the expense of responding.'"  *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th

16   Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 681 (7th Cir.

17   2012)).

18          The Court finds Plaintiff's entire complaint is patently frivolous.  There are no

19   coherent factual allegations contained within the complaint.  A pleading is "factual[ly]

20   frivolous[]" if "the facts alleged rise to the level of the irrational or the wholly incredible,

21   whether or not there are judicially noticeable facts available to contradict them." *Denton*

22   *v. Hernandez*, 504 U.S. 25, 25-26 (1992).

23          "[A] complaint, containing as it does both factual allegations and legal

24   conclusions, is frivolous where it lacks an arguable basis either in law or in fact. . . .

25   [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable

26   legal conclusion, but also the fanciful factual allegation."  *Neitzke v. Williams*, 490 U.S.

27   319, 325 (1989).  When determining whether a complaint is frivolous, the court need not

28   accept the allegations as true, but must "pierce the veil of the complaint's factual

1    allegations," *id.* at 327, to determine whether they are "'fanciful,' 'fantastic,' [or]

2    'delusional,'" *Denton*, 504 U.S. at 33 (quoting *Neitzke*, 490 U.S. at 328).

3        Here, the Court finds that Plaintiff's claims "rise to the level of the irrational or the

4    wholly incredible," *Denton,* 504 U.S. at 33, and as such, his Complaint requires dismissal

5    as frivolous and without leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1127 n.8

6    (9th Cir. 2000) (en banc) (noting that if a claim is classified as frivolous, "there is by

7    definition no merit to the underlying action and so no reason to grant leave to amend.").

8    **II.**    **Conclusion and Order**

9        Good cause appearing, the Court:

10        1.    **DISMISSES** Plaintiff's complaint as frivolous pursuant to 28 U.S.C. § 1915A

11           and without leave to amend;

12        2.    **DENIES AS MOOT** Plaintiff's request for leave to proceed IFP and motion

13           to appoint counsel (Doc. Nos. 2, 3);

14        3.    **CERTIFIES** that an IFP appeal from this Order would also be frivolous and

15           therefore, could not be taken in good faith pursuant to 28 U.S.C.

16           § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962);

17           *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is

18           permitted to proceed IFP on appeal only if appeal would not be frivolous);

19           and,

20        4.    **DIRECTS** the Clerk of Court to enter judgment accordingly and close the

21           case.

22        **IT IS SO ORDERED**.

23    DATE: February 16, 2021

24

25                          HON. MICHAEL M. ANELLO

26                          United States District Judge

27

28